**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

| | |
|---|---|
| CHAMBERS OF<br>**TONIANNE J. BONGIOVANNI**<br>UNITED STATES MAGISTRATE JUDGE | U.S. COURTHOUSE<br>402 E. STATE STREET, RM 6052<br>TRENTON, NJ 08608 |

June 10, 2021

**LETTER ORDER**

Re:   **Glenn v. Johnson, et al.**
       Civil Action No. 17-3802 (BRM)

Dear Mr. Glenn and Counsel:

On October 30, 2020, the Court entered an Order appointing Seton Hall University School of Law ("SHU") for the limited purpose of representing Plaintiff during settlement discussions. *See* Order of 10/30/2020; Docket Entry No. 52. On March 8, 2021, the Court conducted a settlement conference in this matter. Unfortunately, despite the parties' best efforts, a settlement has not been reached. As a result, with the thanks of the Court, SHU is relieved from appearing further in this matter and the Clerk of the Court is directed to terminate SHU's appearance. Plaintiff will be proceeding *pro se* going forward.

After *pro bono* counsel was appointed, Plaintiff, on his own accord, filed a motion for summary judgment (Docket Entry No. 54) and motion for default judgment (Docket Entry No. 55). The Clerk of the Court terminated the motion for default judgment for procedural reasons based on the fact that a Clerk's entry of default under FED.R.CIV.P. ("Rule") 55(a) had not been entered as to Defendants Dr. Ihuoma Nwacchukwu and Joy Carmillio, the two Defendants against whom Plaintiff sought a default judgment. *See* Clerk's Quality Control Message of 11/16/2020. This Court terminated Plaintiff's motion for summary judgment because Plaintiff, himself, filed it on his own behalf, even though he was represented by *pro bono* counsel at the time. *See* Letter

Order of 11/17/2020; Docket Entry No. 56. The Court further instructed the parties that it was "exercise[ing] its discretion to direct the parties to refrain from filing any additional motions" without the Court's prior approval. *Id*. at 1. The Court indicated that "[i]f the matter does not settle, a schedule for discovery and motion practice shall be set." *Id*. at 2.

Despite the Court's instructions, on March 24, 2021, Plaintiff refiled a motion for summary judgment (Docket Entry No. 63) as well as his motion for default judgment against Defendants Dr. Ihuoma Nwacchukwu and Joy Carmillio (Docket Entry No. 64). The Court terminates both motions as they were filed in violation of the Court's Order of November 17, 2020. Further, with respect to the motion for default judgment, the Court notes that even absent the Court's proscription on motion practice, Plaintiff's motion would be denied as it is procedurally deficient. A Clerk's entry of default under Rule 55(a) has yet to be entered against either Dr. Ihuoma Nwacchukwu or Joy Carmillio. Furthermore, such an entry of default would not be warranted as Dr. Nwacchukwu, while served, has not been given an adequate opportunity to respond to Plaintiff's Complaint, and Ms. Carmillio has not even been served with process in this matter. *See* Docket Entry No. 58. Similarly, Plaintiff's motion for summary judgment is also deficient. In same, Plaintiff seeks summary judgment against Dr. Nwacchukwu and Ms. Carmillio. However, as just stated, Dr. Nwacchukwu has not even had the opportunity to respond to Plaintiff's Complaint and Ms. Carmillio has not even been served. As such, at this juncture of the case, the motion clearly fails.

The Court appreciates Plaintiff's desire to move forward with his claims since settlement discussions were not fruitful. However, Plaintiff must still abide by the Court's Orders. Unless informed otherwise, no motions may be filed without the Court's approval.

In order to streamline the process of moving this case forward, the Court shall review the docket in this matter to assist Plaintiff in determining which Defendants have yet to be served and in determining the status of any USM Form 285 requests. After doing so, the Court shall contact the parties.

**IT IS SO ORDERED.**

**THE CLERK OF THE COURT IS DIRECTED TO TERMINATE DOCKET ENTRY NOS. 63 & 64.**

                                        s/ Tonianne J. Bongiovanni
                              **TONIANNE J. BONGIOVANNI**
                              **United States Magistrate Judge**