NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES GLENN**, <br><br> Plaintiff, <br><br> v. <br><br> **STEVE JOHNSON, et al.**, <br><br> Defendants. | Civil Action No. 17-3802 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

Plaintiff Charles Glenn is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 31.) Before the Court is Defendant Chelsea Tessein's motion to dismiss the claims against her in Count Seven of the Amended Complaint. (Mot., ECF No. 89.) For the reasons below, the Court will grant the Motion and dismiss those claims without prejudice. In addition, the Court will *sua sponte* dismiss the claims in Count Seven against Defendant Steve Johnson.

**I.     BACKGROUND AND PROCEDURAL HISTORY**[1]

This action arises out of a series of events that occurred during Plaintiff's detention at New Jersey State Prison. (*See* Am. Compl.) The Court recites only those facts relevant to this Opinion.

---

[1] For the purpose of this Motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiff alleges that between April 25, 2017 and July 2, 2017, corrections officers sexually harassed and strip-searched him in the presence of inmates and civilians. (*Id.* at 10.) According to Plaintiff, Officer Vallue directed Officers Cuopo, Diaz, Ramos, Santos, Scank and Ranzulli to strip him at the front of the unit where others could see him. (*Id.* at 11.) Plaintiff contends that he overheard Officers Vallue, Cuopo, and Ranzulli discuss ways to sabotage the "Ad-Seg programs" by not allowing inmates out of their cells, publicly strip searching them, and searching cells if inmates leave. (*Id.*) Officer Vallue screamed over the unit, "If you choose to go, it's going to be nuts and butts at the front of the unit!" (*Id.*).

In June 2017, after Plaintiff complained numerous times to Mrs. Ryan and Mrs. Santiago of Social Services, officers stripped him naked in the presence of Mrs. Santiago. (*Id.*) Mrs. Santiago filed a complaint about the officer's conduct. (*Id.*)

Plaintiff further submits that he was harassed and verbally abused by Officer Vallue. (*Id.*) Officials transferred Plaintiff to 3-tier, and, after Plaintiff lodged a complaint, Officer Vallue directed an "inmate worker" to throw urine and feces at Plaintiff through bars while he was in his cell. (*Id.*)

On or around June 23, 2017, an inmate said to Plaintiff, "You wrote up the officer for strip-searching you—you bitch." (*Id.*) The inmate then assaulted Plaintiff by punching him through bars, spitting on him, and throwing urine and feces at him. (*Id.*) Plaintiff alleges that officers failed to act and failed to protect him from this harassment. (*Id.* at 12.)

On December 5, 2017, Officer Ramos and an unknown officer strip-searched Plaintiff at the front of 7-wing 4-tier. (*Id.*) The officers performed the search in the presence of inmates, social workers, and civilian staff members. (*Id.*)

Plaintiff initiated this action by filing a civil rights complaint with the Court on May 23, 2017. (Compl., ECF No. 1.) Thereafter, Plaintiff amended his complaint on September 30, 2019. (*See* Am. Compl.)

Among other claims not relevant to this Opinion, the Amended Complaint alleges in Count Seven that Corrections Officers Vallue, Rubino, Houghtin, Ranzulli, Cuopo, Scank, Ramos, Diaz, and Santos violated his Fourth Amendment right to privacy and his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and retaliation by subjecting him to the strip-searches described above in the presence of inmates and civilians. (*See* Am. Compl. 10-11.) Count Seven further alleges that Defendants Steve Johnson, Amy Emrich, and Chelsea Tessein violated his rights "[b]y way of supervisory capacity." (*Id.* at 10.)

On February 16, 2022,[2] Defendant Tessein filed the instant motion to dismiss. (*See* Mot.) In the Motion, Defendant Tessein moves the Court to dismiss the allegations against her in Count Seven for failure to state a claim. (*See id.*) As of the date of this Opinion, Plaintiff has not submitted an opposition to the motion.

## II.  LEGAL STANDARD

In deciding a motion to dismiss, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not

---

[2] The Court notes that Defendant Tessein timely filed the Motion as she had only been served on January 27, 2022. (*See* ECF No. 85.)

bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Moreover, the Court will employ its screening authority under the Prison Litigation Reform Act ("PLRA"). "[I]f there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA." *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 589 (W.D. Pa. 2008).

## III.    DISCUSSION

In the Motion, Defendant Tessein argues that Plaintiff's claims against her in Count Seven must be dismissed because they fail to allege any facts establishing that she was personally involved or had personal knowledge of the alleged wrongdoings.  (*See* Mot.)  The Court agrees.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987).  A plaintiff may establish supervisory liability under Section 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct.  *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015).  "Allegations of participation or actual knowledge and acquiescence  . . . must be made with appropriate particularity."  *Rode*, 845 F.2d at 1207.

Here, Plaintiff attempts to assert supervisor liability claims against Defendant Tessein, but he fails to identify any policy, practice, or custom that he alleges caused the constitutional deprivations he alleges in Count Seven.[3]  (*See* Am. Compl.)  Moreover, Count Seven contains no

---

[3] Plaintiff does briefly mention the existence of a policy regarding strip searches, but he states that "[t]he policy is that inmates are to be stripped-searched where there is vanity and modesty," both of which he alleges his Muslim religion requires. (*See* Am. Compl. 12.) The Court construes these allegations as asserting that the policy requires strip searches to be performed where there is some degree of privacy and that officers failed to adhere to the policy.  Accordingly, the policy he identifies is not the cause of his alleged deprivations and cannot serve as the basis of his supervisor liability claims.

Moreover, to state a claim against a policymaker, a plaintiff must allege that the official established or enforced policies and practices directly causing the constitutional violation.  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).  Here, Plaintiff fails to allege that Defendant Tessein established or enforced the policy he mentions.

factual allegations that Defendant Tessein participated in the violation of Plaintiff's rights, directed others to do so, or had knowledge of and acquiesced to the alleged violations. (*See id.*) Rather, Plaintiff pleads only that Defendant Tessein is liable "by way of [her] supervisory capacity." (*See id.* at 10.) Accordingly, the Amended Complaint fails to allege or plead sufficient facts for the Court to infer Defendant Tessein's personal involvement as to the allegations in Count Seven, and the Court will dismiss those claims against her without prejudice for failure to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 560 U.S. at 570.[4]

## IV.  CONCLUSION

For the reasons above, the Court will grant Defendant Tessein's Motion and dismiss the claims against her in Count Seven without prejudice for failure to state a claim. The Court will also *sua sponte* dismiss the claims against Defendant Steve Johnson in Count Seven without prejudice for failure to state a claim. An appropriate order follows.

Date: August 16, 2022

                                                   s/ Zahid N. Quraishi
                                                   **ZAHID N. QURAISHI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[4] The same arguments apply equally to Defendant Steve Johnson. Accordingly, in the interests of judicial economy, the Court will *sua sponte* dismiss the claims in Count Seven against Defendant Steve Johnson pursuant to its screening duties under the PLRA. *See Banks*, 568 F. Supp. 2d at 589. The Court has already dismissed the same claims against Defendant Amy Emrich. (*See* ECF Nos. 48–49.)